1

2

3

4

5

6

7

8

9

10

11

12

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KAYLEE L.,

    Plaintiff,

    v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:19-CV-03181-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

13

14

15

16

17

18

19

20

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her applications for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, and Child Disability Benefits (CDB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion

for Summary Judgment and **GRANTS** Defendant's Motion for Summary

Judgment.

## I.    Jurisdiction

Plaintiff filed her application for SSI on May 19, 2014, AR 38, and alleged

an onset date of March 1, 2010.  She filed her application for CDB[1] on October 24,

2014, AR 136, and alleged an onset date of August 31, 2013[2], AR 137, but it was

assigned a protective filing date of May 19, 2014.  AR 49.  At application, Plaintiff

alleged that seizures, a brain tumor, and an endocrine deficiency limited her ability

to work.  AR 158.  Plaintiff's SSI application was initially denied on July 24, 2014,

AR 67-70, and her CDB application was denied on July 25, 2014, AR 71-73.

Plaintiff's SSI application was denied at reconsideration on October 9, 2014, AR

77-78, and her CDB application was denied at reconsideration on October 24,

---

[1]Plaintiff had previously received CDB through August 30, 2013.  AR 40.

She failed to timely appeal the decision, and was instructed to file a new

application.  AR 66.  Because the new application was filed within 84 months of

the cessation, her application proceeded to the hearing level.  AR 83.

[2]This is the alleged onset date addressed in the ALJ decision because

Plaintiff had been found disabled through August 30, 2013 and received CDB.  AR

14, 17.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 2

2014, AR 75-76.

A hearing with Administrative Law Judge ("ALJ") Virginia M. Robinson was held on November 29, 2017. AR 657-87. The ALJ took the testimony of Plaintiff and vocational expert Ann Jones. *Id*. On September 21, 2018, the ALJ issued a decision finding Plaintiff ineligible for SSI and CDB. AR 14-34. The Appeals Council denied Plaintiff's request for review on June 6, 2019, AR 7-10, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on August 7, 2019. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

1382(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial activity, he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571, 416.971. If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.920(c), 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity (RFC) enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g).  42 U.S.C. § 1383(c)(3).  The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's

decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 22 years and 2 months old at the date of application, August 13, 2013. AR 130. She completed her GED in 2009. AR 159. Plaintiff reported a work history as a baker and a sales clerk. AR 159. Plaintiff reported that she stopped working on September 30, 2013 because of her conditions and for other reasons, stating "I was laid off when I had a seizure on the job." AR 158.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, August 31, 2013, through the date of the decision. AR 14-34.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged date of onset (citing 20 C.F.R. §§ 404.1571, 416.971 *et seq*.). AR 17.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

**At step two**, the ALJ found Plaintiff had the following severe impairments: benign neoplasm of the pituitary gland; seizure disorder; affective disorder; anxiety-related disorder vs. posttraumatic stress disorder; and personality disorder. AR 17 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1.  AR 18 (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).

**At step four**, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a work at the light level with the following limitations:

> The claimant can occasionally climb ramps and stairs, but not ladders, ropes, or scaffolds.  The claimant can occasionally stoop, kneel, crouch, and crawl.  The claimant should avoid concentrated exposure to extreme cold and pulmonary irritants, (such as fumes, dust, and gases).  The claimant should avoid moderate exposure to excessive vibration and workplace hazards, such as working with dangerous machinery.  The claimant cannot work at unprotected heights.
>
> The claimant can perform simple, routine tasks, in a routine work environment, with simple, work related decisions.  The claimant would do best in a non-public work setting, but incidental interaction with the public is not precluded.  The claimant should not have intensive, ongoing interaction with coworkers, but she can have superficial interaction with coworkers.

AR 20 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)).  The ALJ found that Plaintiff had no past relevant work.  AR 32.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

**At step five**, the ALJ found that, in light of her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of production assembler, laboratory sample carrier, and garments folder.  AR 33.  Based on this, the ALJ found that Plaintiff was not under a disability from the alleged date of onset, August 31, 2013, through the date of the decision.  *Id*.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence.  Specifically, she argues that (1) the ALJ improperly rejected the opinions of her treating and examining doctors and (2) the ALJ improperly rejected her symptom statements.  ECF No. 11.

## VII.    Discussion

### A.    Medical Opinions

Plaintiff challenges the ALJ's treatment of the opinions of Amieit Dhanota, M.D., Thomas Genthe, Ph.D, and Bridget Beachy, Psy.D.  ECF No. 11 at 11-18.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830

1  (9th Cir. 1996).  A treating provider's opinion is given the most weight, followed

2  by an examining provider, and finally a non-examining provider.  *Id*. at 830-31.  In

3  the absence of a contrary opinion, a treating or examining provider's opinion may

4  not be rejected unless "clear and convincing" reasons are provided.  *Id*. at 830.  If a

5  treating or examining provider's opinion is contradicted, it may be discounted for

6  "specific and legitimate reasons that are supported by substantial evidence in the

7  record."  *Id*. at 830-31.

8         The parties agree that the opinions are contradicted and the specific and

9  legitimate standard applies.  ECF Nos. 11 at 11, 13 at 15-16.

10         **1.    Amieit Dhanota, M.D.**

11         On August 5, 2014, Dr. Dhanota completed a WorkFirst form for the

12  Washington Department of Social and Health Services (DSHS) identifying

13  Plaintiff's diagnoses as severe depression, anxiety, intermittent visual changes

14  secondary to pituitary mass, and a history of seizures.  AR 348.  She opined that

15  Plaintiff had limitations with concentrating for extended periods of time,

16  interacting with people, and maintaining emotional stability.  *Id*.  She stated that

17  Plaintiff was unable to participate in work, look for work, or prepare for work.  *Id*.

18  She stated that it was unclear at that time if Plaintiff's condition was permanent.

19  AR 349.  She further stated that Plaintiff "has been in treatment for her multiple

20  conditions for years now.  I've reviewed records as I've recently taken over care.

1    My hope is that she'll be able to function well one day, however at this time she is

2    a work in process and it's unclear for how long it'll take."  AR 350.

3        On September 25, 2014, Dr. Dhanota stated that Plaintiff was "not ok to

4    return to work yet."  AR 413.

5        On April 14, 2015, Dr. Dhanota completed a Medical Report form,

6    identifying Plaintiff's diagnoses as depression, anxiety, prolonged grief reaction,

7    and borderline personality.  AR 788.  She opined that work on a regular and

8    continuous basis would cause Plaintiff's condition to deteriorate.  AR 784.  She

9    confirmed that if Plaintiff attempted to work a forty-hour week, she would likely

10   miss work due to medical impairments.  *Id*.  However, she was unsure how many

11   days Plaintiff would miss on average.  *Id*.

12        **2.**     **Thomas Genthe, Ph.D.**

13        In October of 2015, Dr. Genthe completed a Psychological/Psychiatric

14   Evaluation form for DSHS, but did not date or sign the document.  AR 391-98.  He

15   opined that Plaintiff had marked limitations in two areas of mental functioning and

16   moderate limitations in seven areas of mental functioning.  AR 394.  Regarding

17   social functioning, Dr. Genthe stated that Plaintiff "presented with a history of

18   problematic personality traits, predominately those related to dependent and

19   paranoid features.  Problematic personality traits frequently interfere with a

20   person's ability to functioning [*sic*] appropriately in social, work and school

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

1    settings, which may be the case with her."  AR 395.  He opined that Plaintiff would

2    be impaired for three months with available treatment.  *Id*.

3    **3.    Bridget Beachy, Psy.D.**

4    On March 10, 2015, Dr. Beachy completed a Mental Source Statement.  AR

5    380-83.  She opined that Plaintiff was markedly limited in three areas of mental

6    functioning and moderately limited in ten areas of mental functioning, including in

7    the abilities to accept instructions and respond appropriately to criticism from

8    supervisors and the ability to get along with co-workers or peers without

9    distracting them or exhibiting behavioral extremes.  AR 380-82.  Additionally, she

10   stated that Plaintiff had a marked limitation in maintaining concentration,

11   persistence, and pace when addressing the "paragraph B" criteria of the mental

12   listings.  AR 382.  She opined that Plaintiff met the "paragraph C" criteria of the

13   mental listings.  *Id*.  She stated that Plaintiff would be off-task 21 to 30 percent of

14   the work day during a 40-hour a week schedule and would likely miss four or more

15   day of work per month.  *Id*.

16   On July 22, 2015, Dr. Beachy completed a WorkFirst form for DSHS

17   identifying Plaintiff's impairments as depression and borderline personality

18   disorder.  AR 409.  She opined that Plaintiff could participate in about 20 hours of

19   work activity each week and stating that Plaintiff  had difficulty with concentration

20   and interacting with others for long periods of time.  *Id*.  She opined that Plaintiff's

1   condition was not permanent, stating that "it's difficult to put a time table on this.

2   It's likely she will have some level of difficulty lifelong, but not necessarily

3   completely a struggle."  AR 410.

4        On October 6, 2015, Dr. Beachy completed a WorkFirst form for DSHS

5   identifying Plaintiff's diagnoses as major depressive disorder, anxiety, and

6   borderline personality disorder.  AR 401.  She opined that Plaintiff was unable to

7   participate in work activities, stating she had limitations in following instructions,

8   concentrating for extended periods of time, interacting with people, and meeting

9   the demands of a pressured work environment.  *Id*.

10       On January 19, 2017, Dr. Beachy completed a WorkFirst form for DSHS

11  identifying Plaintiff's diagnoses as major depressive disorder, anxiety,

12  posttraumatic stress disorder, and borderline personality disorder.  AR 715.  She

13  opined that Plaintiff was unable to participate in work activities and cited

14  limitations in interacting with people, making and keeping appointments, meeting

15  the demands of a pressured work environment, keeping a schedule, and focusing

16  for long periods of time.  *Id*.

17       **4.   Analysis**

18       The ALJ rejected the opinions from all three providers for five reasons: (1)

19  they were inconsistent with the benign longitudinal mental status findings since

20  August 2013; (2) they were out of proportion with Plaintiff's minimal mental

1 | health treatment; (3) they were inconsistent with Plaintiff's caregiving activities;
2 | (4) they were inconsistent with Plaintiff's own reports; and (5) the providers relied,
3 | in part, on Plaintiff's self-report. AR 29.

4 |       The ALJ's first reason for rejecting all the opinions, that they were
5 | inconsistent with the benign longitudinal mental status findings since August 2013,
6 | is specific and legitimate. Inconsistency with the majority of objective evidence is
7 | a specific and legitimate reason for rejecting physician's opinions. *Batson v.*
8 | *Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Lester*,
9 | 81 F.3d at 831 (The ALJ may give weight to consulting opinions "only insofar as
10 | they are supported by evidence in the case record.").

11 |       Specially, the ALJ found that Plaintiff's providers observed that she was in
12 | no acute distress, had normal mood/affect, was cooperative/pleasant, was fully
13 | alert/oriented, and had a normal memory. AR 29. This is supported in the record.
14 | AR 731, 748, 756, 762, 821, 823, 836, 842, 886, 916, 924, 932, 938, 946. Plaintiff
15 | did present with abnormal psychological symptoms when she was admitted to the
16 | emergency room following a suicide attempt after a fight with her boyfriend and
17 | she appeared anxious before a surgery. AR 648, 664, 859. However, these were
18 | isolated instances and not reflective of the record as a whole. Plaintiff challenges
19 | this reason by citing a Seventh Circuit case that held there is no contradiction
20 | between a severe mental illness and observations that the patient was behaving

normally during office visits.  ECF No. 11 at 12 *citing Kangail v. Barnhart*, 454 F.3d 627, 629 (7th Cir. 2006).  However, the claimant in *Kangail* was suffering from bipolar disorder, and the Court was concerned with the episodic nature of bipolar disorder, not a patient's presentation in assessing all mental impairments. 454 F.3d at 629.  Therefore, this reason meets the specific and legitimate standard.

The ALJ's second reason for rejecting all the opinions, that they were out of proportion with Plaintiff's relatively minimal mental health treatment, is not specific and legitimate.  The Ninth Circuit has stated that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).  Therefore, this reason fails to meet the specific and legitimate standard.

The ALJ's third reason for rejecting all the opinions, that they were inconsistent with Plaintiff's caretaking activities, is specific and legitimate.  A claimant's testimony about her daily activities may be seen as inconsistent with the presence of a disabling condition.  *Curry v. Sullivan*, 925 F.3d 1127, 1130 (9th Cir. 1990).  The ALJ concluded that based on the opinions, "one would expect that the claimant would have extreme difficulties meeting her own basic needs, let another the needs of another.  One would also expect that no parent would ever entrust the responsibility of care for their child to someone who is suffering from

1    marked/severe limitations in mental functioning." AR 29.  At the hearing, Plaintiff

2    testified that she was acting as a single parent to her 11-year-old and her four-

3    month-old while her spouse was incarcerated.  AR 963-64.  She stated that she

4    received help with the children form her family, including someone present while

5    she bathed her infant as a precaution if she has a seizure.  AR 964, 973.  However,

6    Plaintiff also stated that she provided care for a friend's two little girls.  AR 646.

7    Here, the record supports both the ALJ's interpretation of the evidence, AR 29

8    (that Plaintiff was providing significant care to her children and another's

9    children), and Plaintiff's interruption of the evidence, ECF No. 11 at 13 (that

10   Plaintiff required substantial assistance from her family to simply care for her own

11   children).  When evidence reasonably supports either confirming or reversing the

12   ALJ's decision, the Court may not substitute its judgment for that of the ALJ.

13   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  Therefore, the Court will

14   not disturb that ALJ's determination and finds that this meets the specific and

15   legitimate standard.

16       The ALJ's fourth reason for rejecting all the opinions, that they were

17   inconsistent with Plaintiff's own reports that she had no problems getting along

18   with family, friends, neighbors, or other people, is specific and legitimate.  As

19   addressed above, a claimant's testimony about her daily activities may be seen as

20   inconsistent with the presence of a disabling condition.  *Curry*, 925 F.3d at 1130.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 16

Plaintiff stated that she got along well with authority figures, AR 174, and that she had no significant difficulty getting along with others, AR 709. This is in direct contradiction with the opinions that Plaintiff could not interact with others or with authority figures. Therefore, the ALJ's reason is supported by substantial evidence and meets the specific and legitimate standard.

The ALJ's fifth reason for rejecting all the opinions, that all the providers relied in part on Plaintiff's statements, is not specific and legitimate. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti*, 533 F.3d at 1041. But the ALJ must provide the basis for her conclusion that the opinion was based more heavily on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ stated that the providers relied only in part on Plaintiff's testimony and failed to provide a basis for her conclusion that the opinion was based on Plaintiff's self-reports. AR 29-30. Therefore, this fails to meet the specific and legitimate standard.

Not all of the six reasons the ALJ provided for rejecting the opinions met the specific and legitimate standard. However, any error caused by the reasons that failed to meet the standard would be harmless error. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17

1    The ALJ also gave reasons to specifically reject each providers' opinions,

2  that addressed the above reasons in more detail.  Therefore, this more provider

3  specific discussion by the ALJ is not discussed in extensive detail because they

4  largely repeat the reasons discussed above.

5    First, the ALJ rejected Dr. Dhanota's opinions because they were out of

6  proportion to her own treatment notes.  AR 30.  The ALJ provided repeated

7  citations to the record in support of this determination.  *Id*.  The ALJ also found

8  that Dr. Dhanota's treatment notes showed no formal mental status testing.  *Id*.  An

9  ALJ may rely on internal inconsistencies in evaluating a physician's report.

10  *Bayliss*, 427 F.3d at 1216.  Therefore, the Court will not disturb the ALJ's

11  treatment of Dr. Dhanota's opinions.

12    Second, the ALJ rejected Dr. Genthe's opinion because it was internally

13  inconsistent.  AR 31.  An ALJ may rely on internal inconsistencies in evaluating a

14  physician's report.  *Bayliss*, 427 F.3d at 1216.  The ALJ found that the opinion was

15  inconsistent with the objective evidence, normal performance on testing, Dr.

16  Genthe's comment that Plaintiff's symptoms were managed with medication,

17  Plaintiff's reported activities, and Dr. Genthe's opinion that vocational

18  training/services would eliminate barriers of employment, and Dr. Genthe's

19  opinion that a payee was not necessary.  AR 31.  The Court will not the ALJ's

20  treatment of Dr. Genthe's opinion.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 18

1    Third, the ALJ rejected Dr. Beachy's opinions because Plaintiff had no

2  problem interacting with others, she had no trouble keeping appointments, and she

3  had denied any issues with paying attention.  AR 31-32.  Additionally, the ALJ

4  found that Dr. Beachy's opinion was inconsistent with her treatment notes.  AR 32.

5  These are specific and legitimate reasons to reject Dr. Beachy's opinions.

6    In conclusion, the ALJ provided specific and legitimate reasons to assign

7  little weight to the opinions of Dr. Dhanota, Dr. Genthe, and Dr. Beachy.

8  **B.    Plaintiff's Symptom Statements**

9    Plaintiff argues that the ALJ erred in evaluating her symptom statements.

10  ECF No. 11 at 18-21.

11    An ALJ engages in a two-step analysis to determine whether a claimant's

12  testimony regarding subjective symptoms is reliable.  *Tommasetti,* 533 F.3d at

13  1039.  First, the claimant must produce objective medical evidence of an

14  underlying impairment or impairments that could reasonably be expected to

15  produce some degree of the symptoms alleged.  *Id.*  Second, if the claimant meets

16  this threshold, and there is no affirmative evidence of malingering, "the ALJ can

17  reject the claimant's testimony about the severity of [her] symptoms only by

18  offering specific, clear and convincing reasons for doing so."  *Id.*

19    Here, the ALJ found that the medically determinable impairments could

20  reasonably be expected to produce the symptoms Plaintiff alleges; however, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 19

ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 20. Specifically, the ALJ addressed each of Plaintiff's impairments in turn and provided specific reasons for rejecting specifically alleged symptoms for each impairment. AR 22-27. However, Plaintiff only challenged the ALJ's rejection of Plaintiff's mental health symptom statements. ECF No. 11 at 19 ("The ALJ erred in rejecting [Plaintiff's] claims of disabling mental impairments."). Therefore, the ALJ waives any challenge to the ALJ's treatment of her statements regarding her physical symptoms. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (The Court will not address issues not specifically challenged in Plaintiff's briefing).

The ALJ provided six reasons for rejecting Plaintiff's mental health symptom statements: (1) her symptoms were not as chronic as alleged; (2) her allegations were out of proportion to the general benign mental status findings; (3) her counseling sessions focused on situational stressors; (4) her allegations were out of proportion to her relatively minimal mental health treatment; (5) there was no evidence of her missing appointments to support her allegations of agoraphobia; and (6) her activities are inconsistent with her allegations.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 20

1    The ALJ's first reason for rejecting Plaintiff's symptom statements, that her

2    symptoms were not as chronic as alleged, is specific, clear and convincing.  The

3    ALJ cited to three times in 2017 in which Plaintiff denied symptoms of depression

4    and anxiety and testing that demonstrated minimal anxiety and no depression.  AR

5    25.  The ALJ may consider "ordinary techniques of credibility evaluation," such as

6    the inconsistent statements when addressing the reliability of her statements.

7    *Smolen v. Chater*, 80 F.3d 1272, 1284 (9th Cir. 1996).  Here, Plaintiff's reported

8    lack of symptoms is inconsistent with her later report of disabling symptoms.

9    Therefore, this meets the specific, clear and convincing standard.

10    The ALJ's second reason for rejecting Plaintiff's symptom statements, that

11    her allegations were out of proportion to the general benign mental status, is

12    specific, clear and convincing.  Objective medical evidence is a "relevant factor in

13    determining the severity of the claimant's pain and its disabling effects," but it

14    cannot serve as the only reason for rejecting a claimant's credibility.  *Rollins v.*

15    *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The ALJ pointed to multiple

16    locations with generally normal mental status.  AR 25.  As addressed in detail

17    above, the record demonstrates a consistent normal mental status upon evaluation.

18    Therefore, this meets the specific, clear and convincing standard.

19    The ALJ's third reason for rejecting Plaintiff's symptom statements, that her

20    counseling sessions focused on situational stressors, is not specific, clear and

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 21

1  convincing.  The ALJ found that Plaintiff's situational stressors, including her

2  relationships with her husband/boyfriend.  An ALJ may reasonably find a

3  claimant's symptom testimony less credible where the evidence "squarely

4  support[s]" a finding that the claimant's impairments are attributable to situational

5  stressors rather than impairments. *Wright v. Colvin*, No. 13-CV-3068-TOR, 2014

6  WL 3729142, at *5 (E.D. Wash. July 25, 2014) ("Plaintiff testified that she would

7  likely be able to maintain full-time employment but for the 'overwhelming' stress

8  caused by caring for her family members").  However, "because mental health

9  conditions may presumably *cause* strained personal relations or other life stressors,

10  the Court is not inclined to opine that one has caused the other based only on the

11  fact that they occur simultaneously." *Brendan J. G. v. Comm'r, Soc. Sec. Admin.*,

12  No. 6:17-CV-742-SI, 2018 WL 3090200, at *7 (D. Or. June 20, 2018) (emphasis in

13  original).  Therefore, this reason fails to meet the specific, clear and convincing

14  reason.

15      The ALJ's fourth reason for rejecting Plaintiff's symptom statements, that

16  her allegations were out of proportion to her relatively minimal mental health

17  treatment, is not specific, clear and convincing.  The Ninth Circuit has found that

18  "it is a questionable practice to chastise one with a mental impairment for the

19  exercise of poor judgment in seeking rehabilitation." *Nguyen*, 100 F.3d at 1465.

20  Therefore, this fails to meet the specific, clear and convincing standard.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 22

1   The ALJ's fifth reason for rejecting Plaintiff's symptom statements, that

2   there is no evidence of her missing appointments to support her allegations of

3   agoraphobia, is specific, clear and convincing.  The ALJ may consider "ordinary

4   techniques of credibility evaluation," when addressing the reliability of her

5   statements.  *Smolen*, 80 F.3d at 1284.  Here, it is reasonable for the ALJ to

6   conclude that if Plaintiff suffered from agoraphobia to the extent she alleged, that

7   she would have difficulties attending appointments.  Therefore, this meets the

8   specific, clear and convincing standard.

9   The ALJ's sixth reason for rejecting Plaintiff's symptom statements, that her

10  activities were inconsistent with her allegations, is specific, clear and convincing.

11  A claimant's daily activities may support an adverse credibility finding if (1) the

12  claimant's activities contradict her other testimony, or (2) "the claimant is able to

13  spend a substantial part of [her] day engaged in pursuits involving performance of

14  physical functions that are transferable to a work setting."  *Orn v. Astrue*, 495 F.3d

15  625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

16  Plaintiff stated that she got along well with authority figures, AR 174, and that she

17  had no significant difficulty getting along with others, AR 709.  This is a direct

18  contradiction of her allegations at the hearing, which included an inability to shop

19  due to her anxiety, AR 976, shutting down while interacting with the public in a

20  work setting, AR 978, and an inability to be around just one person all day, such as

a boss, AR 978-79.  Therefore, this meets the specific, clear and convincing standard.

In conclusion, the ALJ provided specific, clear and convincing reasons to support her determination that Plaintiff was less than fully credible.  *See Carmickle,* 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from harmful legal error.  Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

///

///

///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 24

3. Judgment shall be entered in favor of Defendant and the file shall be

**CLOSED**.

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this

Order, forward copies to counsel and **close the file**.

**DATED** March 17, 2021.

_____*s/ Robert H. Whaley*_____
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 25